M’Kean C. J.
He is a competent witness; and though in the case of Dr. Dodd, a release was produced from Mr. Fletcher, (the supposed obligee of the bond,) to Eord Chesterfield, (the supposed obligor,) before his lordship was offered as a witness on the indictment for the forgery, yet this was only a prudential step in the king’s counsel to' avoid all dispute. How, if the law was otherwise, could there be any convictions for forgery? [Vid. Reach’s Crown Cases, 163. 4 Burr. 2352. Dall, in.]
Yeates J.
I am not without doubts, as to the competency of the party injured on an indictment for forgery. * The general current of the authorities, as far as I can recollect, is against it; though the line between the competency and credibility of witnesses is now much better established, than formerly. [Vid. 2 Stra. 728. Hardr. 331. Reach, 10, 25, 289.] *4021 * But ^ie defendant here, is not indicted for a forgery, -* but for uttering and publishing the instrument, knowing it to be forged and erased. The defendant’s knowledge of the fact, therefore, and the subsequent publication, form the gist of the present charge; and I am of opinion the witness may legally be received on this indictment. [Sed vid. Hardr. 331.]
The witness was affirmed to give evidence to the jury; and the defendant was convicted on clear and satisfactory proof.